IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LEONARD R. ADAMS and MARIAN M. ADAMS, | ) <br> ) <br> ) |
| Plaintiffs, | ) <br> ) |
| | ) CIVIL NO. 11-857-GPM |
| vs. | ) <br> ) |
| ARMSTRONG INTERNATIONAL, INC, et al., | ) <br> ) <br> ) |
| Defendants. | ) <br> ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on the motion for remand and amended motion to remand to state court brought by Plaintiffs Leonard R. Adams and Marian M. Adams (Docs. 26, 28). Plaintiffs allege that Defendants' negligence and failure to warn resulted in Leonard Adams's asbestos exposure and mesothelioma. This case was originally filed in the Circuit Court of the Third Judicial Circuit, Madison County, Illinois. Defendant General Electric Company ("GE") removed the case to this Court (Doc. 2).[1] Federal subject matter is alleged on the basis of 28 U.S.C. § 1442, the so-

---

[1] It appears that, in addition to Armstrong International, Inc., GE's co-Defendants are: Avocet Enterprises, Inc., f/k/a Ventfabrics, Inc.; Beazer East, individually and as successor-in-interest to Theim and as successor-in-interest to Universal Refractories; Borg-Warner Corporation, by its successor-in-interest Borg-Warner Morse Tec Inc.; Bridgestone/Firestone America's Holding, Inc.; CBS Corporation, a Delaware Corp., f/k/a Viacom, Inc., successor by its merger to CBS Corp., a Pennsylvania Corp., f/k/a Westinghouse Electric Corporation; The C.P. Hall Company; CSR, Inc.; Carboline Company; Caterpillar Inc.; Certainteed Corporation; Chicago Pneumatic Tool Company LLC; Cleaver-Brooks, a division of Aqua-Chem, Inc.; Consolidated Rail Corporation; Conwed Corporation, individually and as successor-in-interest to Wood Conversion Company; Crane Co.; Crown Cork & Seal USA, Inc.; Dap, Inc.; D & F Distributing, Inc.; Dravo Corporation; Duro Dyne Corporation; Elliott Turbomachinery Company; Essex Specialty Products, LLC; Ferro Engineering, a division of Oglebay Norton; Ford Motor Company; Foster

called "federal officer" removal statute. Plaintiffs argue that GE's removal was untimely and that the Court in any event lacks subject matter jurisdiction. GE's removal included multiple exhibits in support, and GE's response to the Plaintiffs' motion to remand included additional exhibits, including deposition transcripts, declarations of former Naval officers, military specifications for Naval ships, a 1939 handbook for the Navy's Hospital Corp, and a 1938 Treasury Department Public Health Bulletin regarding a study of asbestosis in the textile industry. The motion has been fully briefed, and the Court has considered both parties' arguments and exhibits.

In this case, as noted, the asserted basis for federal subject matter jurisdiction is 28 U.S.C. § 1442, which provides in relevant part for the removal of "[a] civil action … commenced in a State court against … [t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office[.]" 28 U.S.C. § 1442(a)(1). To effect removal as a person acting under a federal officer, GE must prove three elements: (1) it is a "person" within the meaning

---

Wheeler Energy Corporation; Gardner-Gibson, Inc., as successor-in-interest to Gibson Homans Company; General Refractories Company; Genuine Parts Company, a/k/a NAPA Auto Parts; Georgia-Pacific Corporation; Goodyear Tire & Rubber Co.; Goulds Pumps; Hitco Carbon Composites, Inc.; Honeywell Inc.; Honeywell International, Inc., f/k/a Alliedsignal Inc., successor-in-interest to The Benedix Corporation; Imo Industries, Inc.; Industrial Holding Corporation, f/k/a Carborundum Company; Ingersoll-Rand Company; ITT Corporation; J.M. Asbestos Sales, Inc.; J-M Manufacturing Company, Inc.; John Crane, Inc.; John Deere Company; Kaiser Gypsum Company, Inc.; Kentile Floors, Inc.; Mack Trucks Inc.; Maremont Corporation; McKesson Corporation; Motion Control Industries, Inc.; National Service Industries, Inc., f/k/a North Brothers, Inc.; Navistar Inc., f/k/a International Harvester Corporation; Nooter Corporation; PPL Electric Utilities Corporation; Pfizer, Inc.; Plastics Engineering Company; Pneumo Abex Corporation, as successor-in-interest to Abex Corporation; Riley Power Inc., f/k/a Riley Stoker Corporation; Rockwell Automation, Inc., f/k/a Allen-Bradley Company, Inc., individually and successor-in-interest to Rostone Corporation; Saint-Gobain Abrasives, Inc.; Square D, a brand of Schneider Electric; Sterling Fluid Systems USA, LLC; Superior Boiler Works, Inc.; Terex Corporation; Trane US, Inc., f/k/a American Standard Inc.; Union Carbide Corporation; The William Powell Company; Yarway Corporation; York International Corporation; Zurn Industries, LLC; and Metropolitan Life Insurance Co.

of the statute; (2) it acted under the direction of a federal officer, meaning that there is a nexus or causal connection between Plaintiffs' claims and the acts GE allegedly performed under the direction of a federal officer; and (3) GE has a colorable federal defense to state-law liability. *See Jefferson County, Ala. v. Acker*, 527 U.S. 423, 431 (1999); *Mesa v. California*, 489 U.S. 121, 129 (1989); *Wisconsin v. Schaffer*, 565 F.2d 961, 964 (7th Cir. 1977); *Mills v. Martin & Bayley, Inc.*, Civil No. 05-888-GPM, 2007 WL 2789431, at *5 (S.D. Ill. Sept. 21, 2007). Removal pursuant to Section 1442 does not require GE to notify or obtain the consent of any other Defendant in this case in order to remove the entire case to federal court. *See Alsup v. 3-Day Blinds, Inc.*, 435 F. Supp. 2d 838, 842-43 (S.D. Ill. 2006) (collecting cases). As the proponent of removal, however, GE "bears the burden of establishing federal subject matter jurisdiction," and "[d]oubts concerning removal must be resolved in favor of remand to the state court." *Id*. at 841. *See also Baker v. Air & Liquid Sys. Corp.*, Civil No. 11-8-GPM, 2011 WL 499963, at *2 (S.D. Ill. Feb. 7, 2011).

GE claims that it is entitled to invoke federal officer jurisdiction because at least part of Leonard Adams's alleged exposure to asbestos occurred while he was serving in the United States Navy ("Navy") at the Knolls Atomic Power Laboratory and aboard the *U.S.S. Enterprise* vessel–for which GE manufactured turbines containing asbestos. The parties do not dispute that GE is a "person" for purposes of the first prong of the test of federal officer jurisdiction. *See Glein v. Boeing Co.*, Civil No. 10-452-GPM, 2010 WL 2608284, at *2 (S.D. Ill. June 25, 2010) (a corporation is a "person" within the meaning of 28 U.S.C. § 1442); *Stephens v. A.W. Chesterton, Inc.*, Civil No. 09-633-GPM, 2009 WL 3517560, at *2 (S.D. Ill. Oct. 22, 2009) (same). With respect to the second and third prongs of the test, GE claims that in designing equipment for Navy vessels, the company acted under the direction of the Navy and that the company is therefore entitled to assert the so-called "government contractor defense" or "military contractor defense." That defense provides

generally that a private contractor is shielded from liability under state law for defects in products or equipment that it produced for the United States if: (1) the United States approved reasonably precise specifications for the products or equipment; (2) the products or equipment conformed to those specifications; and (3) the contractor warned the United States about any dangers known to the contractor but not to the United States. *See Boyle v. United Techs. Corp.*, 487 U.S. 500, 512 (1988); *Oliver v. Oshkosh Truck Corp.*, 96 F.3d 992, 997-98 (7th Cir. 1996); *Lambert v. B.P. Prods. N. Am., Inc.*, Civil No. 04-347-GPM, 2006 WL 924988, at *6 (S.D. Ill. Apr. 6, 2006). To establish the second prong of the test of federal officer jurisdiction, GE must produce evidence that the Navy prevented GE from complying with its duty to warn under state law. *See Rinier v. A.W. Chesterton, Inc.*, Civil No. 09-1068-GPM, 2010 WL 289194, at *2 (S.D. Ill. Jan. 19, 2010). Similarly, to establish the first prong of the government contractor defense, GE must show that the Navy approved specific warnings that precluded GE from complying with its state-law duty to warn. *See Weese v. Union Carbide Corp.*, Civil No. 07-581-GPM, 2007 WL 2908014, at **7-9 (S.D. Ill. Oct. 3, 2007).[2]

In support of its claim of federal officer jurisdiction in the notice of removal, GE submitted an affidavit given by Ben J. Lehman, a retired Navy rear admiral who served as a ship superintendent in the Navy. Mr. Lehman attests to personal involvement with the supervision and oversight of ship construction as well as ship alterations and equipment overhauls. *See* Doc. 14-59. In the past, the Court has attached little significance to such evidentiary material, unaccompanied as it is by exemplar contracts between the Navy and its contractors or pertinent regulations

---

[2] The second prong of the test of federal officer jurisdiction and the first prong of the government contractor defense are very similar, obviously, and they tend to merge in the analysis of a claim of federal officer jurisdiction. *See, e.g., Hilbert v. Aeroquip, Inc.*, 486 F. Supp. 2d 135, 147-48 & n.11 (D. Mass. 2007).

promulgated by the Navy or another responsible agency. *See, e.g., Sether v. Agco Corp.*, Civil No. 07-809-GPM, 2008 WL 1701172, at **3-4 (S.D. Ill. Mar. 28, 2008). Here, as an exhibit to its response to the motion to remand, GE provided a copy of a 1946 contract between GE and the Corps of Engineers (Doc. 31-52). Though the contract references the safety standards with which GE was to comply, the contract does not state that the Navy had final control over equipment safety or warnings, nor does it state that GE was prohibited from providing additional safety features or warnings. Indeed, the contract contemplates that GE will pursue expenditures, orders, subcontracts, and commitments independently (Doc. 31-52 ¶5) Most importantly, even assuming for the sake of argument that the Navy exercised final control over the content of the warnings that accompanied the equipment supplied to it by GE, this does not dispose of the possibility that GE had responsibility for designing the warnings, in whole or in part, or that the Navy required contractors like GE to provide safety warnings in accordance with state-law duties of care. *See Sether* at *4. Neither has GE shown that it warned the Navy about the dangers of subpar asbestos safety warnings.

The federal officer removal statute is "an exception to the well-pleaded complaint rule." *Rodas v. Seidlin,* 656 F.3d 610, 616 (7th Cir. 2011). The Court is mindful that, "[b]ecause federal officer removal is rooted in 'an anachronistic mistrust of state courts' ability to protect and enforce federal interests and immunities from suit,' although such jurisdiction is read 'expansively' in suits involving federal officials, it is read narrowly where, as in this instance, only the liability of a private company purportedly acting at the direction of a federal officer is at issue." *Weese*, 2007 WL 2908014, at *3 (quoting *Freiberg v. Swinerton & Walberg Prop. Servs., Inc*., 245 F. Supp. 2d 1144, 1150, 1152 n.6 (D. Colo. 2002)). Additionally, the Court is required to construe the record in this case "in the light most favorable to remand while resolving all deficiencies in the record against … the proponent of removal[.]" *Alsup*, 435 F. Supp. 2d at 846.

GE fails to show that the Navy prevented it from complying with a state duty to warn. The notice of removal does not support federal subject matter jurisdiction, so this action shall be remanded to state court. Since the Court concludes that this action is due to be remanded, we need not consider the issue of whether GE's removal was timely. Plaintiffs' motion for remand (Doc. 26) is **GRANTED**. Pursuant to 28 U.S.C. § 1447(c), this case is **REMANDED** to the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, for lack of federal subject matter jurisdiction.

**IT IS SO ORDERED.**

DATED: January 10, 2012

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge